**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                          :
RARITAN BAY FEDERAL CREDIT          :
UNION,                                                    :        Civil Action No. 09-1512(FLW)
                                                          :
         Plaintiff,                              :
                                                          :
         v.                                            :        **AMENDED OPINION**
                                                          :
CUMIS INSURANCE SOCIETY, INC.,       :
d/b/a CUNA MUTUAL INSURANCE         :
SOCIETY,                                              :
                                                          :
         Defendant.                           :
_____

**WOLFSON, United States District Judge:**

    Presently before the Court is a motion filed by Defendant CUMIS Insurance Society ("CUMIS" or "Defendant") to dismiss the Third Count of Plaintiff Raritan Bay Federal Credit Union's ("Raritan Bay" or "Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and to strike Plaintiff's request for attorneys fees and punitive damages pursuant to Fed. R. Civ. P. 12(f).  The Third Count alleges a breach of duty of good faith and fair dealing on the part of CUMIS in connection with its denial of insurance coverage to Raritan Bay.  For the reasons that follow, Defendant's motion is granted.

**I.    BACKGROUND**

    Since Defendants move to dismiss Plaintiff's claims in the Third Count pursuant to Fed. R. Civ. P. 12(b)(6), the following version of events assumes all factual allegations by Plaintiff

are true. For the purpose of deciding this Motion, the Court will refer to Plaintiff's Complaint.[1]

CUMIS, an insurance company incorporated in Wisconsin, issued a Credit Union Bond ("the Policy") to Raritan Bay, a federally chartered credit union with its principal place of business in New Jersey. Compl. ¶¶ 1-5. The Policy protected against, inter alia, employee dishonesty and faithful performance on the part of employees and directors of Raritan Bay. Id. ¶¶ 5, 20. The relevant provisions of the Policy state:

> A.    Employee or Director Dishonesty
>
> We will pay you for your loss resulting directly from dishonest acts committed by an "employee" or "director," acting alone or in collusion with others.
>
> Such dishonest acts must be committed by the "employee" or "director" with the manifest intent to:
> a.   Cause you to sustain such loss; or
> b.   Obtain an improper financial benefit for the "employee," "director," or for any other person or entity.
>
> However, if some or all of your loss resulted directly or indirectly from a "loan" or "trade," that portion of the loss is not covered unless you establish that the portion of the loss involving a "loan" or "trade" resulted directly from dishonest acts committed by the "employee" or "director," acting alone or in collusion with others, with the manifest intent to:
> 1)   Cause you to sustain such loss; and
> 2)   Obtain an improper financial benefit for the "employee" or "director," or a financial benefit for any other person or entity.
>
> As used in this coverage, an improper financial benefit does not include any employment benefits received in the course of employment including salaries, commissions, fees, bonuses, promotions, awards, profit sharing, business entertainment or pensions.
>
> * * *
>
> J.    Faithful Performance—Enhanced
>
> We will pay you for your loss resulting directly from a named "employee's"

---

[1] In deciding Defendants' Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(6), the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of Plaintiffs' claim. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004).

> "failure to faithfully perform his/her trust."
>
> The Application Of Realized Earning In Loan Losses Condition does not apply to this coverage.
>
> "Failure to faithfully perform his/her trust" is defined as:
>
> "Failure to faithfully perform his/her trust" means acting in conscious disregard of your established and enforced share, deposit or lending policies.
>
> "Failure to faithfully perform his/her trust" does not mean:
>
> a. Negligence, mistakes or oversights; or
> b. Acts or omissions resulting from inadequate training; or
> c. Unintentional violation of laws or regulations; or
> d. Unintentional violation of your policies or procedures; or
> e. Acts or omissions known to, acquiesced in, or ratified by your Board Of Directors; or
> f. Acts of an "employee" for which you could have made claim under Employee Or Director Dishonesty Coverage.

Id. ¶¶ 18, 19.

In or about 2005, Raritan Bay initiated a program known as an "Indirect Lending Policy" ("Program"). The purpose of the Program was to "supply the same sensible and sound loan opportunities … as we do for our established members and to create commerce that allows the credit union to remain competitive in the market place." Id. ¶¶ 6, 7. The Program was extended to qualified automotive dealerships. Id. ¶ 8. Approval of such loans was based on the written Federal Credit Union Consumer Loan Policy ("Consumer Loan Policy"), a document incorporated into the Indirect Loan Program and overseen by management and the board of directors of Raritan Bay. Id. ¶¶ 9, 10.

Renee Cicero ("Cicero"), an employee of Raritan Bay, became the "Indirect Loan Manager" for Raritan Bay on February 12, 2005. Id. ¶ 13. In her position, Cicero had the authority to approve or deny loans in conformance with the Consumer Loan Policy and Program. Id. ¶ 14. Cicero allegedly (1) consciously disregarded the Consumer Loan Policy and Program,

3

causing losses to Raritan Bay as a result of loan defaults; (2) purposely engaged in dishonest acts, including but not limited to obtaining improper financial benefits in the approval of loans. Id. ¶¶ 15, 16.  Plaintiff claims that both Section A (Employer or Director Dishonesty) and Section J (Faithful Performance—Enhanced) provide coverage for Cicero's alleged acts.  Id. ¶¶ 20, 21.

According to the Third Count of the Complaint, CUMIS allegedly willfully, intentionally, recklessly and wrongly denied Raritan Bay's claims under Sections A and J of the Policy for Cicero's alleged acts.  Because of this conduct, Raritan Bay claims that CUMIS acted in bad faith and breached the duty of good faith and fair dealing. Id. ¶¶ 22, 37-40.  Plaintiff seeks punitive damages and attorneys fees pursuant to N.J. Ct. R. 4:42-9(a)(6) for Counts One, Two and Three of the Complaint.  Id. ¶¶ 28E, 33I, 40M.  In this Motion, Defendant seeks to (1) dismiss the Third Count of the Complaint and; (2) strike Plaintiff's prayer for attorneys fees and punitive damages.

## II.   DISCUSSION

### A.   Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating … a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1949.[2]

---

[2] In footnote two, Pl. Br. Opp., Raritan Bay incorrectly distinguishes Twombly from the instant case by asserting that the rule of law set forth in Twombly applies only to claims under the Sherman Antitrust Act. However, the standard set forth in Twombly applies generally to all Rule 12(b)(6) motions. See Phillips v. County of Allegheny, 515 F.3d 224, 231-33 (3d Cir. 2008) ("We find two new concepts in Twombly. First, in its general discussion of Rules 8 and 12(b)(6), the Supreme Court used certain language that it does not appear to have used before. The [Supreme Court] explained that '[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do' … We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general" (quoting Twombly)). Thus, Raritan Bay misperceives the pleading requirements under Twombly.

B.     Good Faith and Fair Dealing

In its motion, CUMIS argues that Raritan Bay has "failed to state how the denial of its claim amounts to a breach by CUMIS of its duty of good faith and fair dealing." Df. Mem. Supp. at 5. In response, Raritan Bay maintains that the facts alleged, and the inferences drawn therefrom, adequately state a claim against CUMIS. Having reviewed the Complaint, the Court finds that Raritan Bay's claim of bad faith is not supported by sufficient factual allegations required by New Jersey law. In this regard, Raritan Bay's Complaint does not raise a right to relief above the speculative level under the Twombly standard.

Pursuant to New Jersey law, to maintain a claim for bad faith a Plaintiff must "show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." Pickett v. Lloyd's, 131 N.J. 457, 473 (1993). Further, while "the lack of a reasonable basis may be inferred and imputed to an insurance company," there must be allegations of reckless indifference to facts or to proofs submitted by the insured. Id. Here, Raritan Bay asks the Court to infer reckless indifference from the fact that CUMIS denied coverage to Raritan Bay under Sections A and Section J of the Policy; however, the Court declines to make such an inference. Raritan Bay does not provide sufficient factual allegations to suggest an absence of a reasonable basis on the part of CUMIS for denying coverage to Raritan Bay. Specifically, Raritan Bay alleges that CUMIS issued the Policy to Raritan Bay for losses caused by an employee's dishonest acts. To that end, Raritan Bay maintains that CUMIS had a duty of good faith and fair dealing in determining if there is coverage under the Policy. To allege bad faith, Raritan Bay simply avers that because Cicero either acted dishonestly or unfaithfully, CUMIS had a duty to provide coverage. Therefore, by denying the claim, CUMIS acted in bad faith. These averments read

6

together fail to allege that CUMIS was recklessly indifferent in denying the claim. Indeed, in opposing Defendant's motion, Raritan Bay admits that even though it has pled the facts to the fullest extent of its knowledge, it still requires discovery from CUMIS in order to allege more facts relating to its bad faith claim. Pl. Br. Opp. at 10 ("Raritan Bay, however, has pled the facts as it knows them"). Thus, the mere allegation that CUMIS's denial of coverage inferentially establishes bad faith relies on the very speculation that Twombly forbids.

In light of Plaintiff's admission that it is not aware of any additional facts other than what has been pled in the Complaint, allowing Plaintiff to amend its Complaint at this time would be futile. Accordingly, the Court dismisses Plaintiff's claim for bad faith without prejudice. However, Plaintiff may move to amend its Complaint at any time during discovery if it discovers facts sufficient to allege bad faith.

  **C.**  **Punitive Damages**

Having determined that Plaintiff's claim for breach of the duty of good faith and fair dealing is insufficiently pled and therefore is dismissed, the Court need not address whether Plaintiff is entitled to punitive damages under that claim. With respect to Raritan Bay's prayer for an award of punitive damages in Counts One and Two, the Court finds that Raritan Bay is not entitled to such damages as a matter of law. Indeed, punitive damages are generally unavailable in contract actions under New Jersey law. Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 369-70 (1988). Similarly, it is axiomatic that in a declaratory judgment action, punitive damages are not appropriate relief. Tellingly, Raritan Bay does not refute CUMIS's argument that punitive damages should be stricken from these two Counts. Accordingly, Raritan Bay's requests for punitive damages in Counts One and Two are struck.

D.    Attorneys Fees

Finally, Defendant argues that Plaintiff's requests for attorneys fees in Counts One, Two and Three must be struck since the Policy is not a liability or indemnity policy, but a surety policy or bond. Defendant submits that these requests for fees are outside the scope of N.J. Ct. R. 4:42-9(a)(6). Plaintiff, however, maintains that the Policy, regardless of its title, is indeed a policy of liability or indemnity and thus, attorneys fees are proper relief. As a preliminary matter, the Court need not address attorneys fees with regards to Count Three because the breach of the duty of good faith and fair dealing claim has been dismissed. Further, like punitive damages, attorneys fees are not available in Count One, which is Plaintiff's declaratory judgment claim. Finally, because the Policy is a bond as opposed to an indemnity policy, Plaintiff may not seek attorneys fees in Count Two.

While a litigant is generally unable to collect attorneys fees from the other party, see O'Brien v. Travelers Prop. & Cas. Ins. Co., 65 Fed. Appx. 853, 855-56 (3d Cir. 2003), Rule 4:42-9 "codifies those specific instances where, in the absence of a separately enabling statute or contract, fee shifting is permitted." In re Estate of Vayda, 184 N.J. 115, 120 (2005). Under Rule 4:42-9(a)(6), a litigant may collect counsel fees "in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." In applying Rule 4:42-9(a)(6), a court must "distinguish between contracts of indemnity, where the promisor undertakes to protect the promisee against loss or liability to a third person, and suretyship contracts, where the undertaking is to protect the promisee from acts or defaults of a third person." Middletown Township v. Colen, 164 N.J. Super. 193, 196 (Law Div. 1978); see also Titan Stone, Tile & Masonry, Inc. v. Hunt Constr. Group, Inc., 2008 U.S. Dist. LEXIS 18090 (D.N.J. Mar. 7, 2008). When a policy is "solely between the insured and the insurer wherein the insurer agrees to

protect the insured against third-party claims," the policy is a liability or indemnity policy, not a bond or surety agreement.  Fengya v. Fengya 156 N.J. Super. 340, 345 (App. Div. 1978). Importantly, Rule 4:42-9(a)(6) is narrow in scope and "should not be extended, beyond its express terms, to permit a counsel fee award to be made to an insured who brings direct suit against his insurer to enforce casualty or other direct coverage." Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co., 145 N.J. 345, 363 (1996) (quoting Pressler, Current N.J. Rules Court Rules, Comment R. 4:42-9).

To support its argument that Plaintiff cannot recover attorneys fees under Rule 4:42-9(a)(6), CUMIS proposes that the coverage at issue in Fengya is directly analogous to the coverage created by the Policy in the present case.  In Fengya, a guardian's bond was executed by a guardian and a surety.  The bond bound the parties to the Superior Court of New Jersey so that the bond was "in effect an insurance guaranty contract made between the insurer and the court to protect the ward's estate against loss resulting from the wrongful acts of the guardian." Fengya, 156 N.J. Super. at 342-46.  The court reasoned that, because the bond "neither insure[d] against liability nor [agreed] to indemnify an insured," the trial court erred in allowing counsel fees.  Id. at 345-47.

Here, it is not a third party claiming a loss against the insured, Raritan Bay.  Rather, Raritan Bay itself seeks payment under the Policy.  This distinction is crucial because the Policy does not cover third-party claims.  Moreover, like the bond in Fengya, the Policy does not protect against liability; CUMIS agreed to pay Raritan Bay for certain acts or omissions on the part of Raritan Bay's own employees.  See Policy ("We will pay you for your loss resulting directly from a named "employee's" "failure to faithfully perform his/her trust … We will pay you for your loss resulting directly from dishonest acts committed by an "employee" or

9

"director," acting alone or in collusion with others"). Therefore, the unambiguous language of the Policy created a suretyship agreement or bond outside the scope of N.J. Ct. R. 4:42-9(a)(6). Accordingly, Defendant's motion is granted in this regard; Raritan Bay cannot seek attorneys fees on any count.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

Dated: July 22, 2009

    /s/  Freda L. Wolfson
The Honorable Freda L. Wolfson,
United States District Judge